UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CAIN S.,

                        Plaintiff,

v.                                              1:20-CV-1513
                                                (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC             KENNETH HILLER, ESQ.
  Counsel for Plaintiff                         JUSTIN DAVID JONES, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                     OONA PETERSON, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before

the undersigned.  (Dkt. No. 15.)  The court has jurisdiction over this matter pursuant to

42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-

motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the

Commissioner's motion is granted.

## I.     RELEVANT BACKGROUND

### A.    Factual Background

Plaintiff was born in 1955.  (T. 83.)  He received a GED.  (T. 46.)  Generally,
Plaintiff's alleged disability consists of sleep apnea, depression, back impairment,
diabetes, "lower extremities circulation issues," asthma, and "dental surgery."  (T. 181.)
His alleged disability onset date is August 1, 2017.  (T. 43.)  His date last insured is
June 30, 2021.  (T. 83.)  His past relevant work consists of residential care aide.  (T. 23,
213.)

### B.    Procedural History

On August 23, 2017, Plaintiff applied for a period of Disability Insurance Benefits
("SSD") under Title II of the Social Security Act.  (T. 83.)  Plaintiff's application was
initially denied, after which he timely requested a hearing before an Administrative Law
Judge ("the ALJ").  On September 11, 2019, Plaintiff appeared before the ALJ, Bryce
Baird.  (T. 34-72.)  On December 19, 2019, ALJ Baird issued a written decision finding
Plaintiff not disabled under the Social Security Act.  (T. 7-28.)  On August 20, 2020, the
Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's
decision the final decision of the Commissioner.  (T. 1-6.)  Thereafter, Plaintiff timely
sought judicial review in this Court.

### C.    The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and
conclusions of law.  (T. 12-24.)  First, the ALJ found Plaintiff met the insured status
requirements through June 30, 2021, and Plaintiff had not engaged in substantial
gainful activity since August 21, 2017.  (T. 12.)  Second, the ALJ found Plaintiff had the
severe impairments of depression, anxiety, and degenerative disc disease of the lumbar

spine.  (*Id.*)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 14.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c), specifically:

> he could lift, carry, push or pull up to 50 pounds occasionally and up to 25 pounds frequently, stand or walk up to six hours in an eight-hour workday and sit up to six hours in an eight-hour workday. [Plaintiff] further could frequently climb ramps or stairs and frequently balance, kneel, or stoop. He is limited to occasional climbing of ladders, ropes or scaffolds and occasional crawling. He is limited to no concentrated exposure to pulmonary irritants such as odors, fumes, dusts, gases and poor ventilation. He is limited to work involving simple, routine tasks that could be learned after a short demonstration or within 30 days. [Plaintiff] is limited to work that would allow a person to be off task 5% of the day, in addition to regularly scheduled breaks. He further is limited to work that does not require more than simple, work related decisions and he is limited to work that would not require him to independently develop work strategies or identify workplace needs. [Plaintiff] is limited to occasional interaction with the public and with coworkers. He is limited to work that requires doing the same tasks every day with little variation in location, hours or tasks.

(T. 15-16.)[1]  Fifth, the ALJ determined Plaintiff unable to perform past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 22-24.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes two arguments in support of his motion for judgment on the pleadings.  First, Plaintiff argues the ALJ erred by failing to reconcile his RFC determination with the consultative examination opinion that he found persuasive; and further, the mild to moderate limitations in the opinion were more restrictive than the

---

[1]     Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.  20 C.F.R. § 404.1567(c).

RFC.  (Dkt. No. 10 at 12-16.)  Second, and lastly, Plaintiff argues the ALJ erred by failing to find any opinion evaluating Plaintiff's mental limitations fully persuasive and therefore relied on his own lay interpretation of the raw medical record to determine a highly specific RFC.  (*Id.* at 16-21.)  Plaintiff also filed a reply in which he reiterated his original arguments.  (Dkt. No. 13.)

### B.     Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues the RFC is consistent with, and supported by, the medical opinions.  (Dkt. No. 12 at 9-16.)  Second, and lastly, Defendant argues the ALJ fulfilled his duty to evaluate and reconcile the evidence and the RFC is supported by substantial evidence with respect to mental limitations.  (*Id.* at 17-26.)

## III.     RELEVANT LEGAL STANDARD

### B.     Standard of Review

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard."  *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).  In particular, it requires deference "to the Commissioner's resolution of conflicting evidence."  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). It is not the Court's "function to determine *de novo* whether a plaintiff is disabled."  *Brault,* 683 F.3d. at 447.  "In determining whether the agency's findings were supported

by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks omitted).  "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."  *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would have to conclude otherwise.' " *Brault,* 683 F.3d at 448.  The Court "require[s] that the crucial factors in any determination be set forth with sufficient specificity to enable [the reviewing Court] to decide whether the determination is supported by substantial evidence."  *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (alterations and internal quotation marks omitted).

## C.    Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 404.1520.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022).

## IV.   ANALYSIS

In general, Plaintiff argues the ALJ's determination Plaintiff could perform medium work was inconsistent with the consultative examiner's administrative finding Plaintiff had mild to moderate limitations in prolonged walking, bending, and kneeling. (Dkt. No. 10 at 12-16.)  For the reasons outlined below, the ALJ's RFC determination that Plaintiff could perform medium work with additional limitations was supported by the record as a whole, including the opinion Plaintiff had mild to moderate limitations.

As an initial matter, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support his position.  Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record.  *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y. 2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position); *see also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir. 1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review).Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

Here, although Plaintiff argues a mild to moderate limitation is inconsistent with the ability to perform medium work, he fails to show that no reasonable factfinder could have reached the ALJ's decision based on the evidence in the record.

Consultative examiner, Hongbiao Liu, M.D. examined Plaintiff and opined he had "mild to moderate limitation for prolonged walking, bending, and kneeling." (T. 268.) The ALJ found the opinion "persuasive." (T. 21.) No treating medical source provided work-related functional limitations; however, in addition to Dr. Liu's findings, the record contained an RFC statement from non-examining State agency medical examiner, J. Lawrence, M.D. (T. 79-80.) Dr. Lawrence reviewed the record as of December 2017, and opined Plaintiff could perform the exertional demands of medium work with no additional non-exertional limitations. (T. 79-80.) The ALJ found Dr. Lawrence's administrative finding "persuasive." (T. 21-22.) Neither party disputes the ALJ's evaluation of the administrative findings under 20 C.F.R. § 404.1520c.

Plaintiff argues mild to moderate limitations, such as those provided by Dr. Liu, are consistent with light, not medium, work. (Dkt. No. 10 at 14-15.) However, there is no bright line rule establishing which exertional level of work "mild to moderate" limitations are consistent, or inconsistent, with. Instead, the ALJ is tasked with formulating an RFC based on all relevant evidence in the record. *See* 20 C.F.R. § 416.945(a)(1) (the RFC is an assessment of "the most [Plaintiff] can still do despite [his or her] limitations"); *see id.* § 404.1545(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."). Therefore, a finding of mild to moderate limitations, when read together with additional evidence in the

record, may support a determination plaintiff could perform the demands of light and/or medium work.

To be sure, as outlined by Plaintiff, courts in this Circuit have generally concluded mild to moderate limitations in exertional and postural activities are consistent with the demands of light work.  S*ee Lewis v. Colvin*, 548 F. App'x 675, 677-678 (2d Cir. 2013) (The court agreed that the RFC assessment for a significant range of light work was supported by an assessment from a consultative examiner of "mild limitations for prolonged sitting, standing, and walking," and direction that Lewis should avoid "heavy lifting, and carrying"); *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (affirming RFC for light work with occasional climbing balancing, stooping, kneeling, crouching, and crawling, where consultative examiner opined that plaintiff had a "mild to moderate limitation for sitting for a long time, standing for a long time, walking for a long distance, pushing, pulling, or heavy lifting."). However, although Plaintiff is correct that courts have generally found mild to moderate limitations for prolonged walking, bending, and kneeling consistent with the demands of light work; he fails to articulate which aspects of medium work the limitations are inconsistent with.

Indeed, courts in this Circuit have also concluded an RFC for medium work consistent with "mild to moderate" limitations.  *See David J. v. Comm'r of Soc. Sec.,* No. 19-CV-798, 2021 WL 1162878, at *3 (W.D.N.Y. Mar. 26, 2021) (RFC for medium work with additional limitations found supported by substantial evidence, including opinion of consultative examiner that Plaintiff had "mild-to-moderate limitations"); *see also Scholtisek v. Colvin*, 110 F. Supp. 3d 464, 477 (W.D.N.Y. 2015) (RFC for medium exertional work was consistent with a doctor's opinion that the plaintiff had a mild-to-

moderate limitation in repetitive bending or twisting of the lumbar spine); *Diaz v. Barnhart*, No. 05 Civ. 3392(JGK), 2007 WL 1815485 *6 (S.D.N.Y. June 15, 2007) (doctor's opinion that the plaintiff had mild to moderate limitations for walking, standing, lifting, and carrying was consistent with the RFC for medium work); *Henriquez v. Colvin*, No. 15-CV-2655, 2016 WL 4384720, at *9 (E.D.N.Y. Aug. 15, 2016) ("Courts in this Circuit and elsewhere have concluded that a claimant can perform light or medium work based on an opinion assessing moderate limitations for sitting, standing and walking."); *see Harrington v. Colvin*, 2015 WL 790756 at 15 (W.D.N.Y. Feb. 25, 2015) (moderate limitation in sitting, standing, and walking not inconsistent with RFC that claimant could sit, stand, and walk for six hours a day respectively and supports a finding of light or medium work).

Medium work and light work differ primarily in the amount a plaintiff is required to lift and carry.  Medium work requires a plaintiff to lift/carry up to 50 pounds occasionally and 25 pounds frequently and light work requires the ability to lift/carry up to 20 pounds occasionally and 10 pounds frequently.  20 C.F.R. § 404.1567(b)-(c).  Dr. Liu did not limit the amount of weight Plaintiff could lift and/or carry.  (T. 268.)  Dr. Lawrence opined Plaintiff could perform the lifting and/or carrying requirements of medium work.  (T. 79-80.)  Therefore, the ALJ's determination Plaintiff could perform the lifting/carrying requirements of medium work was supported the administrative findings of Drs. Liu and Lawrence.

Medium and light work require approximately six hours of standing and/or walking during an eight-hour workday.  20 C.F.R. § 404.1567(b)-(c).  Plaintiff, citing numerous caselaw, asserts a mild to moderate limitation in prolonged walking is

consistent with the walking/standing demands of light work.  (Dkt. No. 10 at 13-14.)

Therefore, if the limitation is consistent with the walking/standing demands of light work,

then the limitations are also consistent with the identical demands required in medium

work.

Dr. Liu also opined Plaintiff had "mild to moderate" limitations in his ability to

bend and kneel.  (T.  268.)  Two types of bending - stooping and crouching - must be

done frequently, from one-third to two-thirds of the time, in most medium jobs. SSR 83-

14.  The ALJ limited Plaintiff to frequent kneeling and stooping.  (T. 15.)  The ALJ did

not specifically reference crouching in his RFC determination.  (*Id.*)  Dr. Liu's opinion,

and the ALJ's RFC determination, would not eliminate the occupations provided by the

vocational expert at the hearing.  Further, Dr. Lawrence opined Plaintiff did not have an

postural limitations.  (T. 80.)  Stooping is required occasionally, and crouching and

kneeling are not present, in the occupation of linen-room attendant.  DICOT 222.387-

030.  Stooping and crouching are occasionally required, and kneeling is not present, in

the occupation of food-service worker.  DICOT 319.677-014.  Stooping and crouching

are frequently required, and kneeling is not present, in the occupation of kitchen helper.

DICOT 318.687-010.  Therefore, at most the occupation of kitchen helper would be

eliminated, however, that would still leave the occupations of food-service worker

(85,000 jobs) and linen-room attendant (53,000 jobs).  (T. 24.)  The opinions of Drs. Liu

and Lawrence supported the ALJ's determination Plaintiff could perform the postural

limitations required by medium work.  Further, any error in adopted greater limitations

would be harmless because a significant number of jobs in the national economy would

still remain even if Plaintiff were limited to only occasional postural activities.

Overall, contrary to Plaintiff's argument, Dr. Liu's opinion was not inconsistent with the demands of medium work.  In formulating the RFC, the ALJ relied on the administrative findings of Drs. Liu and Lawrence, together with other evidence in the record such as medical treatment and activities of daily living.  Therefore, the ALJ's physical RFC determination was proper and supported by substantial evidence in the record.

Next, Plaintiff argues the ALJ committed legal error in formulating his mental RFC determination because the ALJ determined the RFC "without finding any opinions persuasive and using his own lay interpretation of the raw medical records."  (Dkt. No. 10 at 16-21.)

Contrary to Plaintiff's assertion, an RFC determination is not the product of legal error if formulating absent a medical opinion.  An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ.  20 C.F.R. § 404.1545(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."), *see id.* §§ 404.1546(c), 416.946(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your residual functional capacity").  Additionally, the regulations direct an ALJ to "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources."  *Id.* § 404.1520c.

Indeed, the Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required."

*Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").  Therefore, Plaintiff's assertion that the ALJ's RFC determination was the product of legal error because it was not supported by a specific medical opinion is without merit.

Plaintiff specifically asserts the ALJ's determination that Plaintiff would be off task five percent of the time during the workday was error because it is not clear how the ALJ came to this conclusion.  (Dkt. No. 10 at 19.)  For the reasons outlined below, the ALJ provided sufficient analysis to permit meaningful review.  *See Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) ("Where an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous, [. . .] remand is not necessary merely because an explicit function-by-function analysis was not performed.").

To be sure, remand is necessary where there is no evidentiary basis for an ALJ's specific finding, such as plaintiff's need to be "off-task" six minutes out of every hour. *Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014).  In *Cosnyka*, the ALJ relied upon the opinion of an orthopedic examiner that plaintiff would require "regular comfort breaks," which the ALJ translated into a limitation that plaintiff would need a break for six minutes out of every hour.  576 F. App'x at 46.  The Second Circuit determined

remand was appropriate because nothing in the record, including the medical records and the plaintiff's testimony, supported the ALJ's conclusion, and indeed some evidence was "to the contrary." *Id.*

However, the "fact that [an] ALJ assigned a particular percentage range (0–10%) to illustrate [a plaintiff's] limitation does not undermine the fact that the ALJ's finding was supported by substantial evidence." *Johnson v. Colvin*, 669 F. App'x 44, 47 (2d Cir. 2016).  In other words, the ALJ's determination must be supported by substantial evidence in the record.  As already stated herein, the "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek,* 139 S. Ct. at 1154..  Here, record evidence supported the ALJ's determination Plaintiff needed an accommodation for limitations in concentration, including Plaintiff's own statements that he had trouble paying attention and focusing.  (T. 15, 202.)  Therefore, the ALJ's decision and determination do not prevent meaningful review and "the fact that the ALJ afforded Plaintiff the benefit of the doubt and included a 5% off-task time limitation in the RFC assessment is not grounds for remand." *Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020).

Plaintiff makes the related argument that because the ALJ did not adopt a medical opinion in formulating the RFC the ALJ was required to perform a function-by-function analysis.  (Dkt. No. 10 at 19; citing *Gorny v. Comm'r of Soc. Sec.*, No. 18-CV-06, 2018 WL 5489573, at *3 (W.D.N.Y. Oct. 29, 2018).)  As outlined in *Gorney*, the Second Circuit has held that the failure to explicitly engage in a function-by-function analysis as part of the RFC assessment does not constitute a *per se* error requiring

remand.  *Gorny v. Comm'r of Soc. Sec.*, No. 18-CV-06, 2018 WL 5489573, at *4

(W.D.N.Y. Oct. 29, 2018) (citing *Cichocki,* 729 F.3d at 174).  "The relevant inquiry is

whether the ALJ applied the correct legal standards and whether the ALJ's

determination is supported by substantial evidence.  Where an ALJ's analysis at Step

Four regarding a claimant's functional limitations and restrictions affords an adequate

basis for meaningful judicial review, applies the proper legal standards, and is

supported by substantial evidence such that additional analysis would be unnecessary

or superfluous, [. . .] remand is not necessary merely because an explicit function-by-

function analysis was not performed."  *Cichocki,* 729 F.3d at 177.  Consistent with the

holding in *Cichocki*, the Court in *Gorny* remanded the case back to the ALJ because the

ALJ's decision "did not connect the record evidence and RFC findings" and it was

"entirely unclear" how the ALJ reached his RFC determination.  *Gorny,* 2018 WL

5489573, at *4.  Overall, a function-by-function assessment is not necessary to permit

meaningful review.

Here, the ALJ's written decision provides sufficient analysis to permit meaningful

review.  In formulating Plaintiff's mental RFC, the ALJ considered the objective medical

evidence, treatment, Plaintiff's testimony, and Plaintiff's statements concerning his

activities of daily living.  The ALJ considered Plaintiff's testimony that he was unable to

work due primarily to his mental health impairments which caused him to not sleep well,

have a poor attention span, and have a lack of motivation.  (T. 17.)  The ALJ considered

the examination and administrative findings provided by consultative examiner John

Miller, Ph.D.  (T. 18.)  The ALJ considered treatment records from mental health

providers which contained mild to moderate clinical abnormalities and improvement with

14

treatment.  (T. 18-19.)  The ALJ considered Plaintiff's statements to providers that his symptoms improved with treatment and medication.  (T. 19.)

Indeed, in 2019, Plaintiff reported his mood was better, his sleep improved, and he enjoyed time with his children and grandchildren.  (T. 20, 334, 418.)  Mental status examinations were unremarkable. (T. 20, 334-335, 418.)

The ALJ further considered Plaintiff's statements to providers that boredom triggered depression and spending time with his grandchildren and finding house projects were important.  (T. 19-20.)  Plaintiff reported being able to care for his own needs, he spent time with his family, and he performed home improvement projects and woodworking.  (T. 21.)

Indeed, Plaintiff's activities included an ability to drive a car, including as a driver for Lyft, care for his grandchildren, take care of a dog, engage in woodworking, do home improvement projects, pay bills, manage money, and remember to take medications without reminders, support the ALJ's findings that he had no more than mild to moderate limitations in mental functioning.  (T. 14, 18, 21, 59-60, 65-66, 193, 197, 261-62, 327, 330, 336, 363.)

The ALJ found Dr. Miller's finding Plaintiff was "markedly limited" in his ability to control his behavior and maintain well-being, unpersuasive.  (T. 22.)  The ALJ reasoned the limitation was inconsistent with mental status exams which showed mild to moderate abnormalities and Plaintiff's "wide range of activities." (*Id.*)  The ALJ further found the administrative finding of State-agency medical consultant, G. Kleinerman, Ph.D. "somewhat persuasive." (*Id.*)  Dr. Kleinerman found Plaintiff's mental impairments to be non-severe.  (T. 78.)  The ALJ concluded that the record supported

moderate limitations in the ability to interact with others and moderate limitation in the ability to concentrate, persist or maintain pace, such that he does severe, although not disabling, mental impairments according to Social Security's rules and regulations.  (Id.)

Finally, Plaintiff argues the ALJ "should have" obtained a medical opinion because Plaintiff's impairments were "too complex" to make an RFC determination. (Dkt. No. 10 at 20-21.)  As outlined herein, ALJs are not required to have a medical opinion to support an RFC determination.  Further, the record was complete and sufficient for the ALJ to determine an RFC.  *Janes v. Berryhill*, 710 F. App'x 33 (2d Cir. 2018) (the ALJ is not required to develop the record any further when the evidence already presented is adequate for the ALJ to make a determination as to disability). Therefore, the ALJ was not required to obtain a medical source opinion.

The ALJ has the duty to evaluate conflicts in the evidence.  *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 7 (2d Cir. 2017) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.") (quoting *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)).  Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence).  As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision.  *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)).  As the Supreme Court stated,

"whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."  *Biestek,* 139 S. Ct. at 1154.

**ACCORDINGLY**, it is

ORDERED that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **DENIED**; and it is further

ORDERED that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

ORDERED that Defendant's unfavorable determination is **AFFIRMED**; and it is further

ORDERED that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:        November 28, 2022

William B. Mitchell Carter
U.S. Magistrate Judge